UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY T.,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 3:23-cv-05688-GJL<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 7, 8, 10.

Plaintiff is a 40-year-old man with prior employment as a construction worker who stopped working due to various mental health conditions. The Administrative Law Judge ("ALJ") found that Plaintiff is not disabled because he has the residual functional capacity ("RFC") to perform light work. However, the ALJ erred when she did not either incorporate all the limitations the ALJ found persuasive into the RFC or give reasons why she found certain limitations unpersuasive. The ALJ's error is not harmless because a proper RFC determination

ORDER ON PLAINTIFF'S COMPLAINT - 1

1  could change the jobs Plaintiff is able to perform and thus the ultimate determination of his
2  nondisability. Therefore, this matter must be **REVERSED and REMANDED** for further
3  proceedings.

4                       I.        PROCEDURAL HISTORY

5        Plaintiff filed for a Period of Disability ("POD") and Disability Insurance benefits
6  ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act ("the Act") and
7  Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of
8  the Act on June 16, 2020, alleging in both applications a disability onset date of November 1,
9  2017. *See* Administrative Record ("AR") 76–77; 102–03. Plaintiff's applications were denied
10 initially and following reconsideration. *See* AR 76–77; 102–03. Plaintiff's requested hearing was
11 held before the ALJ on August 17, 2022, at which time Plaintiff amended his onset date to May
12 1, 2017. AR 43–75; *see also* AR 17. On September 20, 2022, the ALJ issued a written decision
13 in which the ALJ concluded that Plaintiff was not disabled pursuant to the Act. AR 17–38.

14       On June 2, 2023, the Appeals Council denied Plaintiff's request for review, making the
15 written decision by the ALJ the final agency decision subject to judicial review. AR 1–5; *see* 20
16 C.F.R. § 404.981. On July 31, 2023, Plaintiff filed a Complaint in this Court seeking judicial
17 review of the ALJ's written decision. Dkt. 1. Defendant filed the sealed AR regarding this matter
18 on September 29, 2023. Dkt. 5.

19                     II.        BACKGROUND

20       Plaintiff was born in 1983 and was 33 years old on the alleged date of disability onset of
21 May 1, 2017. AR 17, 36. Plaintiff has at least a high school education and previously worked in
22 settings such as construction and manual labor, but has not been regularly employed since 2017.
23 AR 36; 573. According to the ALJ, Plaintiff suffers from, at a minimum, the following severe
24

ORDER ON PLAINTIFF'S COMPLAINT - 2

impairments: substance abuse disorder, post-traumatic stress disorder ("PTSD"), major depressive disorder, and generalized anxiety disorder. AR 20.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is more than a scintilla, less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

### IV. DISCUSSION

In his Opening Brief, Plaintiff raises the following issue: whether the ALJ properly considered the opinion of examining psychologist David Morgan, Ph.D. *See* Dkt. 7 at 1.

**A.    Whether the ALJ Properly Evaluated a Medical Opinion**

Plaintiff contends the ALJ erred by failing to account for all the moderate limitations opined by Dr. Morgan in her assessment of Plaintiff's RFC. Dkt. 7 at 8–9.

Plaintiff filed both his POD/DIB and SSI applications in June 2020. AR 76–77; 102–03. For applications filed on or after March 27, 2017, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id*.; 20 C.F.R. §§

404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. In other words, "[t]he revised regulations recognize that a medical source's relationship with the claimant is still relevant…[h]owever, the ALJ no longer needs to make specific findings regarding these relationship factors." *Id.*

Dr. Morgan completed a psychological evaluation of Plaintiff on May 13, 2020, on behalf of the Washington State Department of Social and Health Services ("DSHS"). *See* AR 555–59. He observed that Plaintiff exhibited normal speech and affect, was cooperative with normal thought process and content, orientation, perception, fund of knowledge, abstract thought, and insight and judgment, but had an anxious mood, was recent and immediate memory challenged, and struggled with concentration. AR 558–59. Dr. Morgan concluded that Plaintiff had marked limitations on his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; marked limitations on his ability to adapt to changes in a routine work setting; and, marked limitations on his ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 557.

Dr. Morgan also concluded that Plaintiff had moderate limitations on the ability to perform activities in the following areas: (1) understand, remember, and persist in tasks by following detailed instructions; (2) learn new tasks; (3) perform routine tasks without special supervision; (4) make simple work-related decisions; (5) be aware of normal hazards and take appropriate precautions; (6) ask simple questions or request assistance; (7) communicate and perform effectively in a work setting; and (8) set realistic goals and plan independently. AR 557.

ORDER ON PLAINTIFF'S COMPLAINT - 4

1   Finally, Dr. Morgan concluded that Plaintiff had mild limitation on his ability to understand,

2   remember, and persist in tasks by following very short and simple instructions. *Id*.

3   However, the ALJ found that Dr. Morgan's conclusions were "not entirely persuasive."

4   AR 32. Specifically, the ALJ rejected Dr. Morgan's assessment of Plaintiff's marked limitations,

5   finding in part that the totality of the evidence conflicted with those conclusions. *Id*. As to Dr.

6   Morgan's conclusions on Plaintiff's mild and moderate limitations, the ALJ found them to be

> though not specific as to actual capacity, are generally persuasive because they are supported by Dr. Morgan's examination findings and narrative and generally consistent with the greater record. The claimant showed some memory and concentration deficits in the exam, but he was able to cooperate and complete exam tasks and demonstrate generally intact thought processes, fund of knowledge, and abstraction. Such findings support mild or no limitation as to simple instructions with some notable difficulty following detailed or complex instructions. This is consistent with the record as well, as the claimant has sometimes demonstrated intact memory, attention, and thought processes, with some distractibility or tangential thinking at times, with generally intact judgment and impulse control. The other moderate limitations are consistent with the exam, with largely normal behavior, speech, cooperativeness, and thought processes despite professed anxiety and report of depression and trauma-related symptoms.

*Id*.

As part of the five-step sequential evaluation process for determining whether Plaintiff is disabled, the ALJ considered Dr. Morgan's opinion along with other evidence, and found Plaintiff was not disabled because he had the following RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: He can perform simple routine work with occasional superficial interaction with public. He cannot perform work that is highly paced or assembly-line type work. He can work near or around coworkers throughout the day but have only occasional interaction with them.

AR 23.

ORDER ON PLAINTIFF'S COMPLAINT - 5

Plaintiff argues the ALJ erred when she did not either address Dr. Morgan's opinion concerning all the moderate limitations in her RFC assessment or give reasons why she found them unpersuasive. *Id*. at 9. The Court agrees.

Dr. Morgan found Plaintiff moderately impaired in eight areas, listed above, including following detailed instructions and possibly learning new tasks. AR 557. The ALJ found Dr. Morgan's opinion on Plaintiff's difficulty following detailed or complex instructions generally persuasive (AR 32), and assessed, in relevant part, that Plaintiff "can perform simple routine work with occasional superficial interaction with public," but "cannot perform work that is highly paced or assembly-line type work." AR 23. In addition, the ALJ concluded Plaintiff "can work near or around coworkers throughout the day but have only occasional interaction with them." AR 23.

The RFC properly captures Dr. Morgan's opined limitations, in part, specifically with regards to Plaintiff's ability to follow detailed instructions and learn new tasks in a work routine setting because it limits him to performing simple tasks. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding the ALJ's RFC assessment limiting claimant to simple and routine tasks properly incorporated the claimant's moderate limitations in attention, concentration, and adaption). However, the RFC either rejects or does not appear to address Plaintiff's remaining limitations including those such as performing routine tasks without special supervision; making simple work-related decisions; asking simple questions or requesting assistance; or communicating and performing effectively in a work setting. *See* AR 32, 557. Plaintiff's ability to complete simple tasks while working is not the same as his abilities to make independent decisions, to recognize the need for assistance, and to communicate in the workplace. "[A]n RFC that fails to take into account a claimant's limitations is defective."

ORDER ON PLAINTIFF'S COMPLAINT - 6

*Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Because this portion of Dr. Morgan's medical opinion is not properly incorporated into Plaintiff's RFC, the ALJ essentially discounted it and did so without explanation and thus erred. *See Woods*, 32 F.4th at 792.

**B.     The Error is not Harmless**

An error is harmless if it is not prejudicial to the claimant or is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. §2111)).

The ALJ's error in this case was not harmless. Had the ALJ properly incorporated all moderate limitations from Dr. Morgan's opinion or provided a valid reason for discounting them, the ALJ may have assessed Plaintiff's RFC differently and changed the ALJ's ultimate determination of nondisability. Accordingly, the ALJ's harmful error requires reversal. The Court directs the ALJ to reassess Dr. Morgan's opinion on remand.

**C.     Remand for Further Proceedings**

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors,

it should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). The Court has determined the ALJ erred in assessing Plaintiff's RFC because she did not either address Dr. Morgan's opinion concerning all the moderate limitations in her RFC assessment or give reasons why she found them unpersuasive. On remand, the ALJ shall reassess Dr. Morgan's opinion and Plaintiff's RFC.

## V. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this Order.

The Clerk is directed to enter judgment for Plaintiff and close the case. Dated this 27th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge